UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC DWAYNE VENTRESS,

                            Plaintiff,

          v.

SKAGIT COUNTY,

                            Defendant.

Case No. C15-416-MJP-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Eric Ventress is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington.  He brings this action under 42 U.S.C. § 1983 seeking money damages for alleged violations of his constitutional rights arising out of an alleged sexual assault by a corrections officer at the Whatcom County Jail.  Plaintiff identifies Skagit County as the lone defendant in this action.  Defendant Skagit County has filed a motion for summary judgment seeking dismissal of plaintiff's amended complaint.  Plaintiff, despite having been advised of the summary judgment requirements pursuant to *Rand v. Rowland*, 154

REPORT AND RECOMMENDATION - 1

1   F.3d 952 (9th Cir. 1998), has filed no response to defendant's motion.[1]  The Court, having now

2   carefully reviewed defendant's motion, and the balance of the record, concludes that defendant's

3   motion for summary judgment should be granted and plaintiff's amended complaint and this

4   action should be dismissed with prejudice.

5                                          DISCUSSION

6           Plaintiff alleges in his amended complaint that "Skagit County Law Enforcement"

7   violated unspecified constitutional rights when they failed to advise Whatcom County officials

8   that Whatcom County Jail employee Kyle O'Connor was under investigation in Skagit County

9   for illegal activities, activities which clearly impeded his ability to perform the duties of a

10  corrections officer.  (Dkt. 11 at 3.)  Plaintiff contends that he was sexually assaulted by Officer

11  O'Connor at the Whatcom County Jail and that the assault is attributable to the "the practice of

12  no agency relationship between Bellingham and Skagit County."  (*Id*.)  Plaintiff maintains that if

13  Skagit County officials had advised Whatcom County officials that Officer O'Connor was "a

14  suspect," plaintiff would not have been sexually assaulted at the Whatcom County Jail.  (*Id*.)

15          Defendant Skagit County argues in its summary judgment motion that it had no duty to

16  warn or protect plaintiff.  Defendant further argues that even if it had such a duty, the duty would

17  not have existed until after Skagit County officers identified and had probable cause to arrest

18  Officer O'Connor, events which occurred after the alleged assault.  Finally, defendant requests in

19  its motion for summary judgment that the Court make a finding that this action is frivolous and

20  was not filed in good faith.

21

22          [1] Plaintiff did submit to the Court his responses to Skagit County's first set of interrogatories and requests
    for production.  (*See* Dkt. 26.)  It is not clear whether plaintiff intended this document to constitute a response to
    defendant's summary judgment motion.  However, the document essentially confirms that Skagit County is entitled
23  to summary judgment in this matter.

REPORT AND RECOMMENDATION - 2

Motion for Summary Judgment

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine dispute as to any material fact" such that "the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material facts are facts which might affect the outcome of the pending action under governing law. *See Anderson*, 477 U.S. at 248. Genuine disputes are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e). A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252. In ruling on a motion for summary judgment, the court may not weigh the evidence or make credibility determinations. *Id*. at 248.

Section 1983 Standard

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that

REPORT AND RECOMMENDATION - 3

caused the deprivation complained of.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981)

(quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

A local government unit or municipality can be sued as a "person" under § 1983.  *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691 (1978).  However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor.  *Id.*  A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury.  *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

In *Bryan County Commissioners*, the Supreme Court explained that

> it is not enough for a § 1983 plaintiff merely to identify conduct properly
> attributable to the municipality.  The plaintiff must also demonstrate that,
> through its deliberate conduct, the municipality was the "moving force"
> behind the injury alleged.  That is, a plaintiff must show that the municipal
> action was taken with the requisite degree of culpability and must
> demonstrate a direct causal link between the municipal action and the
> deprivation of federal rights.

*Id*. at 404.

<u>Failure to Protect</u>

Plaintiff claims that Officer O'Connor sexually assaulted him while he was confined in the Whatcom County Jail.  Plaintiff fails to specify in his amended complaint the date on which the alleged assault occurred, but evidence in the record now before the Court establishes that the alleged assault occurred on August 6, 2014.  (*See* Dkt. 16, Ex. 1.)  The Skagit County investigation which plaintiff references in his amended complaint apparently began in August 2014.  (*See* Dkt. 22 at 2.)  The investigation was an undercover operation, the purpose of which was to find potential online sex predators in Skagit County.  (*See* Dkt. 16, Exs. 2 and 3.)

REPORT AND RECOMMENDATION - 4

On September 10, 2014, a Skagit County undercover detective began a series of electronic communications, both texts and e-mails, with an unknown individual who had responded to the detective's undercover profile listed on Craigslist.  (Dkt. 22 at 2.)  Several texts were exchanged on September 10, 2014, and a smaller number of texts were exchanged September 11-12, 2014.  (Dkt. 16, Ex. 4.) [2]  There were no contacts between the detective and the still unknown individual from September 13, 2014 through September 15, 2014.  (*See id*. and Dkt. 22 at 2.)

On September 16, 2014, the undercover detective informed the individual with whom she had been communicating that she was only fourteen years old.  (*See* Dkt. 16, Exs. 3 and 4; Dkt. 22 at 2.)  The individual continued to converse with the undercover detective in a sexual manner after she advised him of her age.  (*Id*.)  At that point, the detective determined that she had probable cause to believe a crime had been committed and she initiated efforts to identify the individual with whom she had been communicating.  (Dkt. 22 at 2.)  Another detective was able to use a previously provided e-mail address to identify Kyle O'Connor as the individual with whom the undercover detective had been communicating.  (*Id*.)  Officer O'Connor made arrangements to pick up the girl with whom he believed he had been communicating at Skagit Valley College in Mount Vernon, and when he arrived there he was arrested.  (*Id*.)  Following Officer O'Connor's arrest, detectives confirmed that he worked as a corrections officer at the Whatcom County Jail.  (*Id*. at 3.)  Whatcom County was informed of Officer O'Connor's arrest

---

[2]  The undercover officer, Detective Theresa Luvera, has submitted a declaration in support of defendant's summary judgment motion.  She references therein an exhibit, Exhibit A, which she infers is attached to the declaration and which she identifies as a transcript of the text message correspondence between her and Officer O'Connor.  In fact, there was no such exhibit attached to Detective Luvera's declaration.  However, it appears that a copy of that exhibit was attached to an earlier submission by defendants, Exhibit 4 to the declaration of Judy Keisser which was submitted to the Court on June 26, 2015.  (*See* Dkt. 16 at 24-28.)

REPORT AND RECOMMENDATION - 5

within an hour following the arrest and Officer O'Connor never returned to work after that date. (Dkt. 22 at 3; Dkt. 23.)

Plaintiff's assertion that better communication between Skagit County and Whatcom County officials would have prevented the alleged sexual assault by Officer O'Connor at the Whatcom County Jail is undermined by the evidence in the record which establishes that Skagit County did not become aware of Officer O'Connor's identity until over a month after plaintiff claims he was assaulted, and that Officer O'Connor never again had contact with inmates at the Whatcom County Jail after he was identified and arrested on September 16, 2014.  It is thus abundantly clear that Skagit County could not have, through its deliberate conduct, been the "moving force" behind any deprivation of plaintiff's federal rights related to the alleged assault. Accordingly, defendant's motion for summary judgment should be granted and plaintiff's amended complaint and this action should be dismissed with prejudice for failure to state any claim upon which relief may be granted.

Defendant Skagit County also requests in its motion for summary judgment that the Court make a finding that this action is frivolous.  The Court presumes that defendant's request for such a finding is intended to ensure that the dismissal of this action counts as a dismissal under 28 U.S.C. § 1915(g).  However, it makes little practical difference whether plaintiff's amended complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted or under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous because, in either event, the dismissal will count as one under § 1915(g).  Because this Court concludes that this case is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, defendant's request for a finding that the action is frivolous is effectively moot.

REPORT AND RECOMMENDATION - 6

CONCLUSION

Based on the foregoing, this Court recommends that defendant's motion for summary judgment be granted and that plaintiff's amended complaint and this action be dismissed, with prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff has failed to state any claim upon which relief may be granted.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **October 20, 2015**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 23, 2015.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 29th day of September, 2015.

James P. Donohue
_____
JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 7